UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Perry Drake Gilmore, | ) | C/A No. 5:17-cv-01880-CMC-KDW |
|---|---|---|
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | (concerning Plaintiff's Motion for Temporary |
| | ) | Restraining Order and Preliminary Injunction, |
| Major Kevin Jones, and | ) | ECF No. 15) |
| Bradley Pogue, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Perry Drake Gilmore ("Plaintiff"), proceeding pro se, brought this action in state court, alleging violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983 and also alleging certain state-law based claims. *See Gilmore v. Jones*, No. 2017-CP-32-01993 (Lexington County Court of Common Pleas). Defendant Jones and then-Defendant Lexington County Detention Center ("LCDC") removed the case to this court on July 14, 2017. ECF No. 1.[1] This matter comes before the court on Plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction filed on August 3, 2017. ECF No. 15.[2] No Defendant filed a response opposing Plaintiff's Motion. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review pretrial matters in

---

[1] Defendant LCDC was dropped as a defendant in this case when Plaintiff filed an Amended Complaint on July 25, 2017 that did not include LCDC as a party. ECF No. 11; *see Houston v. Lack*, 487 U.S. 266, 271 (1988) (pro se prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court).

[2] The envelope in which the Motion was mailed to the court does not contain a legible postmark, thus making it impossible to determine the exact date on which the Motion was placed in the LCDC institutional mail. However, the envelope does show that the Motion was received by the court on August 3, 2017, the same day that it was docketed by the Clerk of Court. ECF Nos. 15, 15-3.

cases civil rights cases challenging prison conditions or conditions of confinement and to submit findings and recommendations to the district court.

I. The Motion for Preliminary Injunction and Temporary Restraining Order

In his one-page Motion, Plaintiff complains about being held in LCDC for "well over 90 days" without having been indicted on the charges on which he was held. He states that Defendant breached duties to have him indicted and caused him "loss of liberty without due process of law . . . ." ECF No. 15 at 1. Plaintiff does not specify what relief he seeks, but asserts that the South Carolina Torts Claim Act authorizes this court to "grant [him] temporary restraining, preliminary injunction, and summary judgment order as to [his] Amended Complaint." *Id*. The Amended Complaint contains allegations regarding Plaintiff's desire, as a pretrial detainee, to be indicted on the charges that were pending against him. ECF No. 18. The relief requested in the Amended Complaint is "charges vacated/dismissed/nolle processed [sic] and I be discharged on same from jail." ECF No. 18 at 3. Thus, liberally construed, Plaintiff's Motion seeks vacation, dismissal, or nolle prosequi of the state criminal charges that were pending at the time the Motion was filed and release from LCDC.

II. Standard of Review

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a

preliminary injunction and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits. Injunctive relief which changes the status quo pending trial is limited to cases where "the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

III.   Mootness

Initially, the undersigned notes that Plaintiff's Motion is moot and, therefore, this court is without jurisdiction to consider it. *See Friedman's, Inc. v. Dunlap,* 290 F.3d 191, 197 (4th Cir. 2002) (whether this court is "presented with a live case or controversy is a question [the court] may raise *sua sponte* since mootness goes to the heart of the Article III jurisdiction of the courts" (internal quotation marks omitted)); *see also United States v. Tejada-Revulcaba*, 675 F. App'x 393 (4th Cir. 2017) (courts may raise the issue of mootness *sua sponte*). Review of publicly available state records shows that, with the exception of the requested vacation of all pending charges, Plaintiff has already received the major portion of the relief he requested in connection with a guilty plea that he entered in Lexington County General Sessions Court. Review of the Lexington County Clerk of Courts records shows that indictments were issued on several charges that were disposed of on August 23, 2017 and September 12, 2017 through "sentencing" or "nolle prosequi." *See* http://publicindex.sccourts.org/Lexington/PublicIndex/PISearch.aspx (last consulted September 20, 2017). The records show that Plaintiff was indicted and pleaded guilty to three charges (indecent exposure, assault and battery, and hit and run) and three others (drug possession, indecent exposure, assault and battery) were nolle prossed. *See* http://publicindex.sccourts.org/Lexington/PublicIndex/CaseDetails.aspx?County=32&CourtAgency=32001&Casenum=5102P0030607&CaseType=C&HKey=67761091089078771185266821014810767117517610610784116471127865121669748556976546812053687211121008269 (last

consulted September 20, 2017). There are no other charges currently pending against Plaintiff in Lexington County. *See* http://publicindex.sccourts.org/Lexington/PublicIndex/PISearch.aspx (last consulted September 20, 2017). Plaintiff recently changed his address from LCDC to the South Carolina Department of Corrections ("SCDC"), and the online records of SCDC show him as a new inmate. *See* http://public.doc.state.sc.us/scdc-public/ (last consulted September 20, 2017). Because Plaintiff has already received the relief that he requested: indictments, nolle prosequi of several charges, and release from LCDC, his Motion is moot. *See Brooks v. Waters*, No. 2:06 CV 84, 2008 WL 687529, at *2 (N.D.W. Va. Mar. 12, 2008); *Riffin v. Wisnom*, No. CIV. A. RDB-07-1623, 2007 WL 5323114, at *2 (D. Md. Nov. 6, 2007). Accordingly, Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order should be denied as moot.

IV.  Merits of the Motion

Nevertheless, if the District Court were to find that Plaintiff's Motion is not moot, it should be denied because Plaintiff has not shown likelihood of success on the merits of his claims or irreparable harm should the Motion be denied. Plaintiff requested this court to interfere with the process of a state criminal action by ordering that specific action be taken with respect to then-pending charges. To provide the type of relief requested would require this court to interpose itself in the state-court process, which is something we are generally precluded from doing under the United States Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny. Moreover, this federal court cannot issue a writ of mandamus to state officials telling them how and when to prosecute a state criminal case. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988); *Craigo v. Hey*, 624 F. Supp. 414 (S.D. W.Va. 1985). Finally, a convicted prisoner is generally precluded from challenging the constitutionality of circumstances surrounding his arrest and detention on criminal charges until any convictions have been

overturned where relief on any such challenge would imply the invalidity of the convictions. See *Heck v. Humphrey*, 512 U.S. 477 (1994). As a result, Plaintiff cannot show a likelihood of success on the merits of his claim as required under the first *Winter* factor. Moreover, Plaintiff has not shown immediate irreparable harm that could come to him should the requested relief not be granted. Plaintiff entered into a guilty plea to dispose of the charges that were pending against him. He has a right to appeal and/or collaterally attack any or all of the convictions entered on his guilty plea. Thus, he is no worse condition than is any other prisoner who must complete the state criminal process to challenge a conviction. *See Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) ("ordinarily irreparable harm cannot be shown simply because a defendant will be subject to a single criminal prosecution in which he must raise any constitutional claims he wishes as a defense to his conviction"); *Garvin v. Wright*, No. 2:13-cv-442-DCN-BHH, 2014 WL 854059, at *4 (D.S.C. Mar. 4, 2014) (same). Finally, the equities of the case and the public interest weigh in favor of denying Plaintiff's Motion because the state criminal process should be allowed to go forward as designed without undue interference from this court. *See Davis v. Middlesex Sup. Ct.*, No. 11-10276, 2011 WL 901805, at *5 (D. Mass. March 10, 2011) (federal court has no authority to dismiss state charges or to tell a state court judge to do so); *Smith v. Strickland*, No. 5:15-cv-01317-RMG, 2015 WL 2341743, at *2 (D.S.C. May 12, 2015) (same). Accordingly, Plaintiff has not shown that he is entitled to the injunctive relief requested at this stage of the litigation.

V.      Recommendation

Based on the foregoing, it is recommended that Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction, ECF No. 15, be denied as moot, or, alternatively, on the merits.

IT IS SO RECOMMENDED.

/s/ Kaymani D. West

September 21, 2017  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).