IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Perry Drake Gilmore, | Civil Action No. 5:17-cv-1880-CMC |
| Plaintiff, | |
| vs. | **OPINION AND ORDER** |
| Major Kevin Jones and Bradley Pogue, | |
| Defendants. | |

Plaintiff Perry Drake Gilmore ("Plaintiff") brought this pro se action in the Lexington County Court of Common Pleas, alleging violations of state and federal law that took place when he was a pre-trial detainee in Lexington County Detention Center ("LCDC"). Defendant Jones and former Defendant LCDC removed this action to this court.[1] ECF No. 1.[2] This matter is before the court on Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Summary Judgment, filed August 3, 2017. ECF No. 15. Plaintiff complained he had been held "well over 90 days" in LCDC without presentment to a grand jury or indictment, in violation of the South Carolina Tort Claims Act, S.C. Code §15-78-50. *Id.*

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings. On September 21, 2017, the Magistrate Judge issued a Report recommending Plaintiff's motion

---

[1] Defendant LCDC was removed as a Defendant by Plaintiff's Amended Complaint, which did not include it as a party. ECF No. 11.

[2] It appears Defendant Pogue was not served before the case was removed to federal court. See ECF Nos. 31 (authorizing service of process as to Defendant Pogue), 32 (Summons issued as to Defendant Pogue). Service on Pogue is due by November 15, 2017.

for temporary restraining order, preliminary injunction, and summary judgment be denied as moot or, in the alternative, on the merits. ECF No. 49. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not file objections and the time for doing so has passed.[3]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

---

[3] Plaintiff's deadline for filing objections was October 8, 2017. On October 10, 2017, Plaintiff filed a Motion to Amend the Complaint (ECF No. 52) and a Motion to Remand (ECF No. 53). Neither of these addressed the issues in the Report. Further, Plaintiff's proposed Second Amended Complaint does not concern the issue of whether Plaintiff was held at LCDC without indictment or presentment to a grand jury. Instead, it focuses on an alleged instance of force used against him at LCDC and includes claims for gross negligence and a violation of the South Carolina Tort Claims Act in failing to protect him while he was incarcerated at LCDC. As this Order on Plaintiff's Temporary Restraining Order/Preliminary Injunction motion does not end the case, this matter will be re-referred to the Magistrate Judge for resolution of Plaintiff's Motions to Amend Complaint and to Remand.

2

instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After considering the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the Report's recommendation Plaintiff's Motion for Temporary Restraining Order/Preliminary Injunction/Summary Judgment (ECF No. 15) be denied as moot, as Plaintiff's charges have been resolved or, alternatively, on the merits. Accordingly, the court adopts the Report by reference in this Order. Plaintiff's motion is denied. This matter is referred back to the Magistrate Judge.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
October 16, 2017