UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Perry Drake Gilmore, Jr., | ) | C/A No. 5:17-cv-01880-CMC-KDW |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Lexington County, | ) | |
| Defendant. | ) | |

This is a civil action filed by a pro se prisoner. Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. This case is before the court for consideration of Plaintiff's unopposed Motion Motion to Remand, ECF No. 53.

I. Factual Background

This case was removed from state court by Defendant Jones on July 14, 2017. ECF No. 1. At the time of removal, the state court complaint alleged numerous First, Eighth, and Fourteenth Amendment claims based on the conditions of Plaintiff's confinement at the Lexington County Detention Center. The complaint also asserted state-law based claims for negligence/gross negligence. Plaintiff filed a Motion to Remand, ECF No. 7, which was denied. ECF No. 17. On August 7, 2017, Plaintiff filed an Amended Complaint as a matter of course, adding an additional Defendant, Bradley Pogue, and asserting additional constitutional claims against the attorney who was prosecuting then-pending criminal charges against Plaintiff. ECF No. 18. The original Defendant, Kevin Jones, filed a Motion for Summary Judgment on August 15, 2017. ECF No. 27. Plaintiff responded to the Motion for Summary Judgment on September 7, 2017. ECF No. 43.

On August 17, 2017, service was issued for the new Defendant added by the Amended Complaint, but he has not yet appeared in the case. ECF No. 31. On September 2, 2017, Plaintiff filed a Motion for Leave to Amend his Amended Complaint, seeking to add an additional party. He did not attach a proposed Amended Complaint to his Motion. ECF No. 41. Defendant Jones did not respond to that Motion. On October 5, 2017, Plaintiff filed a Motion to Amend the Amended Complaint. ECF No. 52. In connection with that Motion, Plaintiff provided a proposed second amended complaint that shows only one defendant, Lexington County. The Motion to Amend was granted on November 8, 2017and the Second Amended Complaint was docketed. ECF No. 61. Neither Defendant Jones nor Defendant Pogue is mentioned in the Second Amended Complaint, the allegations are about confrontations that Plaintiff had with several Lexington County Detention Center officers, and there are no federal claims stated therein. Instead, the Second Amended Complaint alleges only claims for "gross negligence, pain and suffering, mental anguish, and humiliation" under the South Carolina Torts Claim Act.[1] *Id*. Plaintiff filed a Motion to Remand at the same time he filed his Motion to Amend. ECF No. 53.

---

[1] Plaintiff's one unexplained reference to a federal statute: 28 U.S.C. § 1367, in the section of the Second Amended Complaint captioned "Jurisdiction" does not require this court to rule that any federal claims are stated where the remainder of the pleading is clearly based on state-law-based claims. *See, e .g., Casey v. Midwest Title Serv., Inc.*, 2006 WL 2862457 at *2 (N.D .Okla. Oct. 4, 2006) ("Vague references to federal law in the complaint and notice of removal will not suffice to create federal question jurisdiction"); *Patterson v. Campbell*, 2006 WL 354974 at *3 (M.D. Tenn. Feb. 14, 2006) ("ambiguity defeats removal"); *Maguire v. Telcom Global Solutions*, 2003 WL 124475 at *3 (N.D. Tex. Jan. 10, 2003) ("vague reference to federal law is simply insufficient to satisfy [Defendant's] burden of establishing that this case involves a federal question"); *Matthews v. Stewart*, 207 F. Supp. 2d 496, 499 (M.D. La. 2001) ("In this court of limited jurisdiction, a passing reference to federal laws is insufficient to confer jurisdiction"); *Rabinowitz v. Benson*, 1992 WL 309808 at *1 (S.D.N.Y.1992) (removal improper where "complaint made only a vague reference to federal law, without specifically alleging a cause of action" under federal law).

Defendant Jones did not respond to the Motion to Remand and the time for any response has now passed.

III. Discussion

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). A federal district court must continually re-evaluate the alleged basis for its jurisdiction throughout the course of the litigation. As such, there is no time bar to challenging jurisdiction during the pendency of the action. Indeed, 28 U.S.C. § 1447(c) provides, in pertinent part: "(i)f *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded.*" (emphasis added). The issue of subject-matter jurisdiction and remand may also be reviewed by the court *sua sponte.*

As the master of his complaint, even a prisoner, as here, claiming violations of some of his rights can decide to pursue issues in state court, relying on state law, and without reliance on federal statutes, assuming the rights claimed are also protected by state constitutions, rules, and/or statutes. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 n.7 (1987); *Addison v. Charleston Cty. Public Defenders*, No. 4:11-2936-CMC-JDA, 2011 WL 6937608, at *2 (Dec. 8, 2011), *report and recommendation adopted*, 2012 WL 10499 (D.S.C. Jan. 3, 2012); *Brave v. South Carolina Highway Dept.*, No. 4:07-3457-HMH-TER, 2008 WL 2001913, *2 (D.S.C. May 06, 2008); *see, e.g.*, *McBrearty v. Ky. Comty., Tech. College Sys.*, No. CIV.A. 06-CV-197KSF, 2006 WL 2583375, *6 (E.D. Ky. Sept.7, 2006) ("Where a plaintiff chooses to assert only state law claims, recharacterizing it as a federal claim is generally prohibited"). Remand is favored in cases turning primarily on questions of state law, because "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the

parties, by procuring for them a surer-footed reading of applicable law." *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 729 (1966). Thus, in a case where federal claims are eliminated before trial, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988).

With regard to Plaintiff's use of the pleading-amendment process to eliminate all federal questions in this case, in *Cohill,* the United States Supreme Court stated that the concern for forum manipulation through deletion of federal claims from the complaint "hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case." 484 U.S. at 357. That Court held that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.* Manipulation of the forum by amendment of the complaint, the court said, is a factor for the court to consider, but not a dispositive one. *See id.* ("[A] district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors . . . support a remand."). Courts in this circuit have sometimes remanded cases despite the appearance of manipulation. *See, e.g., Fleeman v. Toyota Motor Sales,* 288 F.Supp.2d 726, 729 (S.D.W. Va. 2003) (remanding and noting consistent rejection of Brown in favor of *Gibbs* in Fourth Circuit cases); *Kimsey v. Snap–On Tools Corp.,* 752 F. Supp. 693, 695 (W.D.N.C. 1990) (remanding and noting that "[*Gibbs* ] eviscerated the holding of *Brown"* ) ("While Plaintiffs may be attempting to avoid federal jurisdiction by amending the complaint, . . . such a reason '. . . does not diminish the right of these plaintiffs to set the tone of their case by alleging what they

choose.' ") (quoting *McGann v. Mungo,* 578 F. Supp. 1413, 1415 (D.S.C. 1982)). In has been held that the manipulation factor "matters little compared to the interest of comity and the avoidance of '[n]eedless decisions of state law' embraced in *Gibbs*." *Taylor v. Giant Food, Inc.*, No. CIV.A. DKC 2004-0710, 2004 WL 2191715, at *3 (D. Md. Sept. 13, 2004) (quoting *United Mine Workers v. Gibbs*, 382 U.S. at 729); *see also Fleeman v. Toyota Motor Sales, U.S.A., Inc.,* 288 F. Supp. 2d 726, 729 (S.D.W. Va. 2003) (remanding case despite the defendant's assertion that the plaintiffs' amended complaint that dismissed federal claim after removal was filed to manipulate federal jurisdiction).

Here, because remand is favored in cases turning primarily on questions of state law, Plaintiff's intent in amending his Amended Complaint does not "diminish [his] right" to allege what he chooses. Plaintiff's single citation to one federal statute in the jurisdiction section of Second Amended Complaint does not overcome the remainder of the pleading, which clearly indicates Plaintiff's intent to raise only state-law-based claims against Lexington County only.[2] The undersigned finds that remand to state court is appropriate because Plaintiff's Second Amended Complaint eliminates all federal claims against the original Defendants. The pleading clearly states that is brought under the South Carolina Torts Claim Act and there are no allegations of federal constitutional violations or violations of any federal statute or treaty. Therefore, federal jurisdiction is no longer evident on the face of the operative pleading and remand is required under 28 U.S.C. § 1447(c).

III. Recommendation

---

[2] In light of Plaintiff's clear intent to pursue only state-law-based claims against Lexington County, it is unnecessary for this court to direct that Lexington County be served with our process. Because it has not yet been served with process, if the District Court adopts this Report and Recommendation and directs remand to state court, Plaintiff will need to serve his sole Defendant with the Second Amended Complaint in the state court proceedings.

Accordingly, it is recommended that Plaintiff's unopposed Motion to Remand be granted and that this case be remanded to the Lexington County Court of Common Pleas, case number 2017-CP-32-01993. It is also recommended that Defendant Jones' Motion for Summary Judgment, ECF No. 27, be denied as moot as he is no longer named as a Defendant in this action.

**The parties' attention is directed to the important notice on the next page.**

November 9, 2017
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).